IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
January 24, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

| | |
|---|---|
| **FRANKLIN W. DAVIS,** | )<br>) |
| Plaintiff, | )  Case No. 7:24CV00831<br>) |
| v. | )  **OPINION**<br>) |
| **GREGORY CAPPS, ET AL.,** | )  JUDGE JAMES P. JONES<br>) |
| Defendants. | )<br>) |

*Franklin W. Davis, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983. He alleges that the defendants, who participated in criminal proceedings against him, caused his illegal detention. I conclude that the § 1983 action must be summarily dismissed.

Davis, who was tried in the Circuit Court for the City of Roanoke, complains that "defender Gregory Capps did not file motions" for which Davis asked, did not show Davis discovery materials, did not generate defense arguments, and had an unspecified conflict of interest that caused Davis to fire Capps and represent himself. Compl. 3, ECF No. 1. Davis also alleges that defendant Sheri Mason "set [him] up and made [him] take a plea bargain," and that "Chrystal Smith, Brian

Barnett and Judge Carson fixed [his] case on a B & E back in 2019." *Id.* As relief, Davis seeks monetary damages.

Davis has not prepaid the necessary filing costs to proceed with a civil rights action, so he is apparently requesting in forma pauperis status under 28 U.S.C. § 1915(g), which allows qualifying inmates to pay the filing fee through installments from their inmate trust accounts. After review of Davis's pleadings, I conclude that he does not qualify to do so because of his prior frivolous filings in federal courts. Accordingly, I will summarily dismiss this lawsuit under § 1915(g).

Under the Prison Litigation Reform Act of 1995, all prisoner litigants must pay filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account. 28 U.S.C. § 1915(b). Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim — unless the three-striker inmate shows "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Davis has brought such actions on three or more prior occasions, including *Davis v. Capps,* 7:24CV00593 (W.D. Va. Nov. 7, 2024) (dismissed under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted); *Davis v. Roanoke City Police Dep't*, 7:22CV00679 (W.D. Va. Feb. 8, 2023) (dismissed under § 1915A(b)(1) for failure to state claim); *Davis v. Roanoke

*Public Defenders*, 7:22CV00678 (W.D. Va. Feb. 8, 2023) (dismissed under § 1915A(b)(1) for failure to state claim); *Davis v. Roanoke City Jail*, 7:22CV00611 (W.D. Va. Nov. 23, 2022) (dismissed under § 1997e(c)(1) for failure to state a claim). Accordingly, Davis may not proceed without prepayment of the filing fee unless he has shown that he is in imminent danger of serious physical injury. § 1915(g).

The imminent danger exception to § 1915(g)'s three strikes rule must be construed narrowly and applied only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate" to the alleged official misconduct. *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). The prisoner must be seeking relief from and demonstrate a danger that is imminent at the time he files the complaint. *Chase v. O'Malley*, 466 F. App'x 185, 186 (4th Cir. 2012) (unpublished) (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (finding that exception "focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct"). Thus, this "imminent danger" exception "allows a three-strikes litigant to proceed [without prepayment of the filing costs] only when there exists an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges." *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

Davis's claims concern past occurrences related to the legal proceedings that led to his incarceration. He does not state facts showing that the alleged actions or inactions of the defendants are imminently likely to cause him any imminent physical harm or injury. His complaints about legal proceedings cannot suffice to show that he was in imminent danger of serious physical injury for purposes of the § 1915(g) exception related to the defendant's conduct when he filed his current lawsuit in November 2024.

For the stated reasons, I cannot find that Davis is eligible to proceed under the § 1915(g) exception without prepayment of filing costs. Because he has not prepaid the filing costs required to bring a civil action in this court, I will dismiss the Complaint without prejudice.

A separate Final Order will be entered herewith.

DATED: January 24, 2025

/s/ JAMES P. JONES
Senior United States District Judge